## BANGOR AND AROOSTOOK RAILROAD CO. et al., Plaintiffs,

### v.

## BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, Defendant.

### Civ. A. No. 777-66.

United States District Court
District of Columbia.
June 9, 1966.

See also D.C., 253 F.Supp. 682.

Francis M. Shea and William H. Dempsey, Jr., Washington, D. C., for plaintiffs.

Joseph L. Rauh, Jr., and Isaac N. Groner, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The Court has before it a motion by the plaintiffs to assess fines imposed against defendant Brotherhood of Locomotive Firemen and Enginemen and against H. E. Gilbert "for failure to terminate the contempts of which they were adjudged guilty by this Court's order of April 2, 1966".

The Court heretofore issued a temporary restraining order enjoining the defendant Brotherhood from calling any strike over any dispute as to practices to be applied upon the expiration of the effective period of the Award of the

Special Board 282. Shortly after midnight on March 31, 1966, however, the Brotherhood commenced a strike and picketing on ten of the railroads that are plaintiffs in this action. Then in the interest of clarity the Court issued an order, at plaintiffs' request, extending the prior order to the strike that had been declared. That order was not obeyed.

On Saturday afternoon, April 2, the Court held a hearing on an application to punish for contempt. It was established that the order had not been obeyed, and that the strike was still continuing. The excuse for not obeying the order was that the Chairman of the Union wanted time to negotiate with the heads of the carriers. The Court held that this was not an excuse for failure to comply, that he had to comply with the order, and that, therefore, he was guilty of contempt of court and that the Union was also guilty of contempt of court. That was late Saturday afternoon on April 2d.

The Court imposed a coercive fine on the Union in the sum of $25,000 and on Mr. Gilbert as an individual, in the sum of $2,500, and provided that unless the contempt ceased and the strike was terminated prior to Sunday noon the fines would go into effect. The amounts of the fines were to accrue for each twenty-four hour period that the strike continued beyond Sunday noon.

■ The affidavits annexed to the plaintiffs' motion show that the strike was not terminated until several hours, almost twelve hours, after Sunday noon. No opposing affidavits have been filed. Again the explanation given was that Mr. Gilbert, the General Chairman of the Union, was trying to negotiate with the carriers. It was the view of the Court that this was no excuse and that the order should have been complied with prior to Sunday noon. Consequently it is the conclusion of the Court that a fine accrued for the period of one day.

■ If this had been a criminal contempt proceeding, the Court would have immediately ordered the fine to be entered on the records of the Court and either committed the individual to the custody of the Marshal until the fine was paid or else ordered execution to be levied. In view of the fact, however, that this was a civil contempt and not a criminal contempt the Court was inclined to the view that it should not order the collection of the fine *sua sponte* and that unless either the plaintiffs or the Government asked for judgment for the fine, none would be entered. The Government has an interest because it is provided that the fine shall be paid into the Treasury of the United States. It is the understanding of the Court that appropriate Government representatives have been notified of this fine.

■ The issues as to the legality of the order or the regularity of the proceeding were adjudicated when the orders were made and are no longer open in this Court. The entry of a judgment for the fines is a purely ministerial act.

Accordingly, the Court will now enter judgment for the two fines for the one day. If a stay pending appeal is desired, the Court will grant one.

Counsel for the plaintiffs may submit an order or a judgment for the amounts of the fines, providing that the fines shall be paid to the Clerk of the Court, to be covered into the Treasury, and counsel for the defendants may submit an order staying the collection of the fines pending appeal.